Miller's Guardian v. Miller's Trustee.

---

CASE 6—PETITION EQUITY—OCTOBER 14.

## Miller's Guardian v. Miller's Trustee.

### APPEAL FROM MADISON CIRCUIT COURT.

1. WILLS—CONSTRUCTION—LIFE ESTATE—CHARGE UPON LAND.— Where a testator in his will gives to his daughter a certain sum of money in trust, and provides that it shall be a charge upon property therein devised to his sons, but only gives his said sons a life estate in certain lands, the charge is upon the fee simple title to the land and not merely upon the life estate devised to the sons.

C. H. BRECK FOR APPELLANTS.

1. The charge is upon the "property" devised to M. M. and John C. Miller, which means the life estate devised to them by the testator, but the charge upon the fee-simple title to the land would be to fasten it not only upon the "property" devised to M. M. and John C. Miller, but upon the property of the remaindermen.
2. It was the manifest purpose of the testator to secure his entire estate to his grandchildren in remainder, and that purpose could not be carried out by putting any charge upon their remainder interests, and it was plainly not his intention to do so; and where the intention of the testator can be ascertained from the will as a whole, it should be adopted, and no rule of construction will be allowed to defeat it. (Redfield on Wills, vol. 1, p. 437; Thackston v. Watson, 84 Ky., 210.)
3. But even if the charge is construed to be upon the land in fee simple, the fund arising from the rent of the land during the lives of M. M. and J. C. Miller, after it was assigned to their respective trustees, should have been credited upon the legacies, which were made charges upon the land, and in that way have prevented the whole burden from falling on the remaindermen.

J. A. SULLIVAN FOR APPELLEES.

1. It is plain from the will as a whole, that the testator meant, by making the devise a charge upon the "property," that it should be a charge not only upon the life interest devised to his sons, but the remainder interest as well. Any other construction would be in conflict with his intention, which appears throughout the will, of making his children exactly equal in dividing his estate; for if the charge was only upon the life estate, and the owner of the life estate had died before paying the legacy, they could never have been equalized.

2. The lien created by the testator to secure the payment of the legacies was on the "property" devised to his sons, and could in no way be construed into being a charge upon the rents or profits arising from the land.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT:

This appeal is prosecuted to reverse the judgment of the Madison Circuit Court, rendered in the consolidated actions of appellee Parkes, trustee of M. M. Miller, and R. W. Miller, trustee of John C. Miller, against the appellants and others.

It appears that M. M. Miller and John C. Miller had made assignments to the said trustees for the benefit of creditors, and the suits were brought for settlement of the trusts. M. Malcolm Miller, the father of the said M. M. and John C. Miller and of Mrs. Lackey, had by his will devised two tracts of land, one each to the sons for life, with remainder to their children, and also devised $3,015 to his daughter, Mrs. Lackey, and provided that if the undevised part of his estate was not sufficient to pay said $3,015 that it should be a charge upon the property devised to the sons. He also bequeathed to his son, John C. Miller, $537.85, which M. M. Miller was required to pay, and the same was made a charge upon the land devised to him. The two sons were made trus-

tees of Mrs. Lackey.  M. M. alone qualified as trustee.

The court below adjudged that the devisees had a lien on the lands aforesaid for the payment of the said sums of money so devised as aforesaid, and adjudged a sale of enough of the fee simple title of the land to pay same, and the sale has been made.  The lands were rented out for a term by the trustees aforesaid and about $2,000 realized therefrom.

The contention of appellant is that only the life estate of the devisees in the land devised was subject to sale to satisfy the cash devises aforesaid, and that the rents aforesaid should be first applied to the payment of the lien claims aforesaid.

It is not claimed that any of the personal property willed to the sons is now on hand.  The correctness of the judgment of the court below depends upon the intent of the testator, and that intent must be gathered from the will.  The material parts of the will are as follows:

"2d. I have heretofore advanced to my daughter, Virginia M. Lackey, in cash, the sum of fourteen hundred and eighty-five dollars ($1,485), and I have purchased for her use and comfort a house and lot, situated on Sixth street in Lexington, which she has used since the 2d day of May, 1874, at the price of thirty-five hundred dollars ($3,500).  The title to this property is still in my name, and I make this disposition of same.  I hereby devise that property, with all the rights belonging to same, and fifty shares of the capital stock of the Farmers National Bank of Richmond, Kentucky, and

an additional sum of three thousand and fifteen dollars ($3,015) to my two sons, Malcolm M. Miller and John C. Miller, in trust, upon the following terms and conditions, and for the following purposes: The said M. M. Miller and J. C. Miller shall attend to said property, keep it safe and productive, and shall pay over the amount of net rents and profits of same to Virginia M. Lackey during her natural life for her support and maintenance, and at her death they will turn over same to her children then living, and to the descendants of those who are dead, if any such survive her; but in the event of her death without leaving issue surviving her, or in the event of the death of herself and children without issue, then said property shall revert to my sons, Malcolm M. Miller and John C. Miller, equally, and to their descendants, if they shall die leaving issue before that time.    If John C. Miller should die before that time without issue his portion shall descend and belong to Malcolm M. Miller and his children equally.   *   *   *

"I authorize the said trustees, at any time they think proper, with the consent of the beneficiary, Virginia M. Lackey, to change the investment of this property into other property, to be held under similar trusts and conditions, and in the event of their failure or refusal to accept this trust then I request the judge of the Madison Circuit Court to appoint a trustee in their place, requiring bond for the faithful performance of this duty. Should the residue of my estate be insufficient to fully

pay up the three thousand and fifteen dollars ($3,015), devised in this paragraph to Virginia M. Lackey, then I make the payment of same a charge upon the property hereinafter devised to Malcolm M. and J. C. Miller.

"3d. I hereby devise to my son, Malcolm M. Miller, during his natural life, the following portion of my farm, situated in Madison county, Kentucky, upon which I now reside, all of which is situated on the west side of Hart's Fork Creek, and upon which is situated the dwelling-house and other building. Said lot is bounded as follows:

*     *     *     *     *     *     *     *     *     *     *     *

"This devise to M. M. Miller is made subject to a charge for the sum of five hundred and thirty-seven dollars and eighty-five cents ($537.85) in favor of John C. Miller, said sum being to equalize said John C. Miller with Malcolm M. Miller, and same shall be due and payable one year after the probation of this will, although I have only given to M. M. Miller a life estate in the property, yet I give him the right and power to sell and convey same upon the expressed condition that the proceeds shall be invested in other good property to be held under the same limitation and condition, and I also empower said Malcolm M. Miller to dispose of same to his children by last will and testament in unequal portions, if he shall so desire, but in the event of his failure to do so then at his death said property shall descend and belong to his legal heirs in equal portions.

"4th. I hereby devise to my son, John C. Miller, during his natural life, the residue of my tract of land upon

Miller's Guardian v. Miller's Trustee.

which I now reside, containing three hundred and sixty
(360) acres, more or less, as follows:

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"Said John C. Miller is to have the right and   power
to sell and convey said property, provided the proceeds
are invested in other good property under the same lim-
itation as this, and he shall, in the event of his marriage
and having children, have the same power   of   disposi-
tion of same by last will and testament as is given M.
M. Miller over the piece devised to him   herein; but   in
the event of the failure of John C. Miller to marry   and
have children capable of inheriting, then in that event
at his death I devise the three hundred and   sixty (360)
acres of land as follows:   One-fourth of same shall de-
scend and belong to my   grandson, Wm. M. Miller, Jr.,
son of M. M. Miller, in fee simple, and   the   remainder
three-fourths (¾) shall go to my   son, M. M. Miller, and
my daughter, Virginia M. Lackey, in equal parts, or to
their descendants if either are dead.   In the event that
either Malcom or Virginia are dead without leaving is-
sue then the whole shall go to the other or his or her
children.

"I also devise to   John C. Miller   five   hundred   and
thirty-seven dollars and eighty-five cents ($537.85) to be
paid by Malcolm M. Miller, and which I have made a
charge on his land.

"5th. I devise  to Malcolm M. Miller and   John C.
Miller all the farming utensils   and   horse   and   mule
stock I may own at my death.

"6th. All the residue of my estate, after the payment

of my debts, funeral expenses and cost of administrator, I direct to be equally divided between Virginia, Malcolm and John C. Miller. and finally I appoint my son, Malcolm M. Miller, executor of this will, and in the event that he needs legal advice in attending to his duties under same I request that he shall consult with friends and attorneys, C. F. & A. R. Burnam, in regard to same.

"Witness my signature this 3d day of November, 1884.                    Wm. Malcolm Miller."

It will be observed that the testator uses the word "property" all the time, and it seems clear that he referred to the real estate when using that term. It will also be seen that he was very precise in making the devises, and particular to make the children equal, or at least make the devises certain. If he had intended that the charges should only be upon the life estate of the sons he would doubtless have so expressed it. Moreover it is not reasonable that he would be more solicitous to preserve the property for his grandchildren than for his own sons. We think it clear that the testator intended to and did give a lien for these devises upon the fee simple title to the lands referred to, and it is a familiar rule of equity that, if A has a lien on two funds and B a lien on one only, that as a general rule A will be required to look first to the one that is not in lien to B. The judgment of the court below was quite as favorable to appellants as they were entitled to; nor do we see how appellants could have any claim to the rents derived from the life-estate.

Judgment affirmed.